UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-4413

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL CHRISTOPHER ISLEY,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:09-cr-00212-NCT-1)

Submitted:  September 16, 2011          Decided:  October 11, 2011

Before NIEMEYER, KEENAN, and WYNN, Circuit Judges.

Reversed and remanded by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, William C. Ingram, Jr., First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Christopher Isley appeals his conviction following his conditional guilty plea to possession of a firearm by a convicted felon,[1] in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). On appeal, Isley argues that the North Carolina conviction forming the basis for his federal conviction was not punishable by more than one year in prison, and therefore that he is not a convicted felon. We agree. Accordingly, we reverse Isley's conviction and remand to the district court for further proceedings.

We review de novo a district court's denial of a motion to dismiss the indictment where denial depends on a question of law. United States v. Hatcher, 560 F.3d 222, 224 (4th Cir. 2009). Section 922(g)(1) prohibits the possession of a firearm by any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1).

Isley was charged and convicted consistent with our decision in United States v. Harp, 406 F.3d 242, 246-47 (4th Cir. 2005). We recently overruled Harp with our en banc decision in United States v. Simmons, 649 F.3d 237, 2011 WL

_____

[1] By entering a conditional guilty plea, Isley preserved his right to appeal the district court's denial of his motion to dismiss his indictment.

3607266, at *3 (4th Cir. Aug. 17, 2011), in which we held that a North Carolina offense may not be classified as a felony based upon the maximum aggravated sentence that could be imposed upon a repeat offender if the individual defendant was not eligible for such a sentence. Id. at *8. As established by his state court judgment, Isley was not eligible for a sentence that exceeded one year. Thus, under Simmons, Isley's predicate North Carolina conviction was not for a crime punishable by more than one year of imprisonment and thus cannot support his federal indictment.[2]

Accordingly, we reverse Isley's conviction and remand for further proceedings. The Clerk is directed to issue the mandate forthwith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REVERSED AND REMANDED

---

[2] We of course do not fault the Government or the district court for their reliance upon, and application of, unambiguous circuit authority at the time of Isley's indictment and conviction.

3